In the oyer and terminer, the defendants plead not guilty to the first count in the indictment, and demurred separately to the three other counts. No trial has been had upon the issue of fact; but that court has sustained, by its decision, the demurrer to the three counts. Upon this decision a writ of error was brought by the people to the supreme court, where the decision was affirmed, and now the people have brought error to this court. Before the decision in The People v. Corning (2 Comst., 9), it was well settled, in this state, that a writ of error could be brought only after final judgment upon the indictment. (Barb.Cr. Law, 337; 1 Chit. Cr. Law, 747; *Page 78 The People v. Stearns, 23 Wend., 634.) And under that state of the law it would have been the duty of the supreme court to have dismissed the writ of error in this case. In The People v.Corning, it was decided that a writ of error in a criminal case could not be brought by the people. Their right to sustain this writ of error is to be found, if it exists at all, in the act in relation to writs of error in behalf of the people in criminal cases. (Laws of 1852, ch. 82.) That act provides that "writs of error to review any judgment rendered in favor of any defendant upon any indictment for any criminal offence, except where such defendant shall have been acquitted by a jury, may be brought in behalf of the people," c. It is a judgment upon an indictment, rendered for the defendant, which is made subject to review in the cases mentioned. Here there has been no judgment upon the indictment, either for or against the defendants, and until such a judgment shall have been pronounced no writ of error can be maintained. This agrees with the law as it was understood before The People v. Corning was decided, and places the right of the people substantially upon the same footing in this respect with that of the defendants in criminal prosecutions, who never could bring error until after final judgment.
The judgment of the supreme court should be reversed, and that court directed to dismiss the writ of error to the court of oyer and terminer.
Judgment accordingly. *Page 79